# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2024-2157
Lower Tribunal No. 2021-CF-000289

———————————————

JAVIER VILLARREAL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

Appeal from the Circuit Court for Hendry County.
James D. Sloan, Judge.

June 5, 2026

PER CURIAM.

Javier Villarreal appeals his conviction of violating section 790.23(1)(a), Florida Statutes (2020), possession of a firearm by a convicted felon. We affirm as to all issues, and also reject Villarreal's facial challenge to the constitutionality of section 790.23(1)(a).[1] *See Edenfield v. State*, 379 So. 3d 5 (Fla. 1st DCA 2023) (rejecting facial constitutional challenge to section 790.23(1)(a)); *Gibbs v. State*, 427

---

[1] Any as-applied challenge Appellant made below was unpreserved, and we offer no opinion on as-applied challenges to this statute.

So. 3d 1072 (Fla. 3d DCA 2025) (per curiam affirmance with citation to *Edenfield*); *Paul v. State*, 381 So. 3d 617 (Fla. 4th DCA 2024) (upholding the constitutionality of section 790.23(1), citing *Edenfield*); *Simpson v. State*, 368 So. 3d 513, 528 (Fla. 5th DCA 2023) (Pratt, J., concurring, joined by Jay, J.) (citing *Edenfield* and noting that section 790.23(1)(a) meets the standards for facial constitutionality); *see generally, e.g.*, *United States v. Rahimi*, 602 U.S. 680 (2024); *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022); *McDonald v. City of Chicago*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008).

AFFIRMED.

TRAVER, C.J., and SMITH, J., concur.
PRATT, J. concurs, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

PRATT, J., concurring.

I fully concur in the majority's opinion. Section 790.23(1)(a), Florida Statutes (2020),[2] does not facially violate the Second Amendment because our nation's

---

[2] Section 790.23(1)(a) provides that "[i]t is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been . . . [c]onvicted of a felony in the courts of this state . . . ."

historical tradition of firearm regulation demonstrates that some circumstances exist in which the statute can be constitutionally applied. *See, e.g.*, *Simpson v. State*, 368 So. 3d 513, 527 (Fla. 5th DCA 2023) (Pratt, J., concurring, joined by Jay, J.) ("[T]he . . . historical record supports disarming felons whose prior convictions show that they pose a danger to the public if armed. . . . The historical record [also] places beyond any doubt the lawfulness of disarming traitors and rebels. Because section 790.23(1)(a) has a variety of valid applications, it satisfies the standard for facial constitutionality." (citations omitted)). In this appeal, no as-applied challenge to section 790.23(1)(a) has been preserved for our consideration. We must therefore leave for the future any appeals requiring us to decide on a case-by-case basis whether section 790.23(1)(a) is unconstitutional as applied.

_____

Blair Allen, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Sonia C. Lawson, Assistant Attorney General, Tampa, for Appellee.